**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MILTON VERAN WILLIAMS,

      Plaintiff–Appellant,

v.

ANGELA HILL, DCF Inmate Trust Fund
Supervisor; RON ANDERSON, DOC
Assistant General Counsel; DEBBIE
MORTON, DOC Director's Designee;
JIM KEITH, DCF Warden; "JOHN DOE"
LANGSTON, Inmate Trust Fund
Supervisor at OSP,

      Defendants–Appellees.

No. 10-7097
(D.C. No. 6:09-CV-00127-RAW-SPS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

Milton Williams, a state prisoner proceeding pro se,[1] appeals the dismissal of his

---

    * The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

42 U.S.C. § 1983 suit. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

This case arises from the garnishment of funds in Williams' prison account. On March 12, 2008, defendant Ronald Anderson notified Williams that settlement funds Williams received would be used to pay outstanding debts, pursuant to Okla. Stat. tit. 57, § 566.1. Anderson informed Williams on April 24, 2008, that $390.32 from his prison account would be used to pay outstanding filing fees and $671.21 would be devoted to costs in a county court proceeding. Williams was also notified that the portion of his settlement award that he had already spent would have to be replaced.

On March 27, 2008, Williams submitted a handwritten "Request to Staff" ("RTS"), on a self-prepared form, complaining that his spending account had been frozen. The request was summarily rejected because it was not an official request. Williams followed up with an RTS using the proper form on April 14, 2008. Prison staff responded that his account would remain frozen, but Williams would be provided indigent supplies. Williams filed several additional RTS forms over the ensuing weeks taking issue with the fact that his account had been frozen. Staff denied relief in each instance.

On September 9, 2008, following his transfer to the Davis Correctional Facility ("DCF"), Williams once again submitted an RTS complaining of the hold on his funds.

---

[1] Because Williams proceeds pro se, we construe his filings liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Defendant Angela Hill responded by reminding Williams that the Oklahoma Department of Corrections ("ODOC") had already notified Williams of the issue. Dissatisfied with this response, Williams submitted a grievance to the warden of the DCF, Jim Keith, on September 18, 2008. On his grievance report form, Williams stated that he had first grieved the issue on April 14, 2008. Williams' grievance was denied on September 26, 2008, because Keith concluded that Williams' funds were subject to garnishment.

Williams then attempted to appeal the denial of his grievance to the ODOC Administrative Review Authority. Defendant Debbie Morton returned the appeal unanswered on the basis that Williams' grievance was untimely. Morton found that the incident of which Williams complained occurred on April 24, 2008, when Anderson notified Williams that his funds would be garnished.

Williams then filed suit alleging that various prison and ODOC officials retaliated against him for exercising his First Amendment rights by improperly freezing his prison account. The district court dismissed Williams' action because he failed to properly exhaust administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"). See 42 U.S.C. § 1997e(a). Williams now appeals.[2]

---

[2] After Williams filed a motion for reconsideration, the district court entered an amended judgment dismissing the claims without prejudice. Williams has not filed a notice of appeal or amended his notice of appeal with respect to the amended judgment. We therefore consider only the court's initial judgment, based on its opinion and order, both entered on September 30, 2010. See Jernigan v. Stuchell, 304 F.3d 1030, 1031-1032 (10th Cir. 2002).

## II

We review de novo the district court's finding of failure to exhaust administrative remedies. Jernigan, 304 F.3d at 1032. The PLRA requires "proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). This includes "compliance with an agency's deadlines and other critical procedural rules." Id. at 90. In other words, a prisoner must comply with procedural "rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007).

The process for exhausting administrative remedies at an ODOC facilities as well as private prisons in Oklahoma is set forth in Policy OP-090124.[3] First, an inmate must attempt to resolve his complaint informally within three days of the incident. Next, if that is unsuccessful, the inmate must submit an RTS within seven days of the incident. If the inmate remains unsatisfied, he may file a grievance with the reviewing authority within fifteen days of the incident or of staff's response to his RTS, whichever is later. Finally, the inmate may appeal to the ODOC Administrative Review Authority within fifteen days of the reviewing authority's response.

## III

Williams failed to properly exhaust his administrative remedies. The incident about which Williams complains occurred on March 12, 2008, when he was informed

---

[3] We may consider administrative material provided by a defendant in reviewing a Rule 12(b)(6) dismissal premised upon a failure to exhaust. See Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1212 (10th Cir. 2003) abrogated in part on other grounds, Jones, 549 U.S. at 203.

that his prison account would be garnished, or at the latest on April 24, 2008 when he was notified certain funds would be removed. Yet Williams did not submit a grievance regarding his account until September 18, 2008. Defendant Morton thus properly returned his appeal unanswered as untimely.

Williams contends that the incident did not occur until August 14, 2008, the date on which Defendant Langston reminded Williams that his funds would be garnished to pay outstanding debts and explicitly referenced the prior notification by Anderson. This claim is without merit. In his grievance, Williams stated that he grieved "the same issue" on April 14, 2008. Nowhere in his grievance does Williams refer to the August 14 letter from Langston.

Because Williams failed to properly exhaust by complying with the ODOC's deadlines, he may not proceed in federal court. See Woodford, 548 U.S. at 90, 93.

**IV**

We **AFFIRM** the district court and **DENY** all pending motions.

Entered for the Court

Carlos F. Lucero
Circuit Judge